IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| ROBERT DALE SHEPARD, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 3:16-05731 |
| | )   (Criminal No. 3:94-00048) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Movant's "Second Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 152), filed on June 24, 2016; (2) Movant's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody" (Document No. 157), filed June 27, 2016; and (3) Movant's "Corrected Motion Concerning Relief Under 28 U.S.C. § 2255" (Document No. 165), filed on August 1, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 156.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A**     **Criminal Action No. 3:94-00048:**

On May 11, 1995, Movant pled guilty to one count of forcibly breaking into a post office with intent to commit larceny in violation of 18 U.S.C. § 2115 (Count One); two counts of robbery involving controlled substances belonging to and in the care of a pharmacy in violation of 18 U.S.C. §§ 2118(a) and (c)(1) (Counts Two and Six); one count of using a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count Three); two counts of being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Eight); and one count of escape in violation of 18 U.S.C. § 751(a) (Count Five). (Criminal Action No. 3:94-00048, Document Nos. 104 and 105.) A Presentence Investigation Report was prepared. The District Court determined Movant had a Base Offense Level of 33, and a Total Offense Level of 34, the Court having applied an enhancement pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status. The District Court sentenced Movant on July 10, 1995, to a 360-month term of imprisonment "consisting of terms of 300 months on each of Counts Two and Six, and terms of 120 months on each Counts Four and Eight, and terms of 60 months on each Counts One and Five, all to run concurrently, and a term of 60 months on Count Three to run consecutively to the terms imposed on Counts One, Two, Four, Five, Six, and Eight." (Id., Document No. 110.) The Court further imposed a five-year term of supervised release and ordered Movant to pay restitution in the amount of $14,733.84. (Id.)

On July 18, 1995, Movant filed a Notice of Appeal. (Id., Document No. 112.) In his appeal, Movant argued that the District Court erred in ordering restitution because the Court failed to make adequate findings regarding Movant's financial status and ability to pay. (Id., Document No. 122.) On April 30, 1996, the Fourth Circuit Court of Appeals affirmed the District Court's judgment. (Id.); United States v. Shepard, 83 F.3.d 417 (4th Cir. 1996).

**B.**     **Section 2255 Motion:**

On August 27, 1997, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[1] (Civil No. 3:97-00845, Document No. 126.) As grounds for *habeas*

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972.)

relief, Movant argued that his guilty plea was involuntary and unknowing. (Id.) By Proposed Findings and Recommendations entered on October 15, 1999, United States Magistrate Judge Maurice G. Taylor recommended that Movant's Section 2255 Motion be denied as untimely. (Id., Document No. 133.) By Memorandum Opinion and Order entered on January 7, 2000, Senior United States District Judge Robert J. Staker adopted Judge Taylor's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 137 and 138.) Movant filed his Notice of Appeal on February 28, 2000. (Id., Document No. 139.) On November 8, 2000, the Fourth Circuit denied a Certificate of Appealability and dismissed the appeal. (Id., Document No. 147.)

C.   **Request for Authorization to File a Successive Section 2255 Motion:**

Subsequently, Movant filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Robert Dale Shepard, Case No. 16-9593 (4th Cir.). By Order entered on June 15, 2016, the Fourth Circuit granted Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document Nos. 160 and 161.)

D.   **Instant Section 2255 Motion:**

By Order entered on June 15, 2016, the Court appointed Carl E. Hostler, Criminal Justice Act Panel Representative, to represent Movant to determine whether Movant may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions, or applications relating thereto to the Court for disposition."[2] (Criminal Action No. 3:94-00048,

---

[2] The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited to *Johnson* relief unless the presiding District Judge directs otherwise. (*Id*., Document No. 150.)

Document No. 150.) On June 24, 2016, Movant, by counsel, filed his "Second Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document Nos. 152.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant contends that in light of Johnson, he is no longer a career offender because his prior West Virginia convictions for involuntary manslaughter and breaking and entering no longer qualify as "crimes of violence." (Id.)

On June 27, 2016, Movant filed his *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Id., Document No. 157.) Citing Johnson, Movant first argues that his sentence as a career offender is invalid because his prior state convictions for voluntary manslaughter and robbery are no longer crimes of violence. (Id.) Second, Movant argues that his firearm conviction under Section 924(c) is no longer a crime of violence because it was based on his conviction for pharmacy robbery in violation of 18 U.S.C. §§ 2118(a) and (c)(1).[3] (Id.)

On August 1, 2016, Movant, by counsel, filed a "Corrected Motion Concerning Relief Under 28 U.S.C. § 2255." (Id., Document No. 165.) Counsel noted that he incorrectly stated that Movant had a prior conviction for involuntary manslaughter instead of voluntary manslaughter. (Id.) Movant then argued that that in light of Johnson, he is no longer a career offender because his prior West Virginia conviction for voluntary manslaughter and breaking and entering no longer qualify as a career offender "crime of violence." (Id.)

By Order entered on July 18, 2016, the undersigned directed the United States to file its

---

[3] The statutory mandatory minimum penalty for the crime of possession of a firearm in furtherance of a crime of violence is 60 months imprisonment, severed consecutively. Movant argues that pharmacy robbery did not constitute a "crime of violence" following *Johnson*.

4

Answer. (Id., Document No. 163.) On August 18, 2016, the United States filed its Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 166.) Specifically, the United States requested that the District Court (1) withdraw the referral of the case to the Magistrate Judge, and (2) stay the case pending resolution of Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016). (Id.) On September 22, 2016, United States District Judge Robert C. Chambers denied the United States' Motion to Withdraw Referral to Magistrate Judge and To Stay Case Pending Supreme Court Ruling. (Id., Document No. 169.)

On October 13, 2016, following the granting of an extension of time, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 170.) First, the United States claims that Movant has not satisfied his burden of proving that Johnson made any difference in his original sentence. (Id., pp. 7 – 9.) Second, the United States argues Movant's claims were not timely filed. (Id., pp. 9 – 18.) Third, the United States contends that Movant "procedurally defaulted his claims and has not demonstrated good cause to excuse his default." (Id., pp. 18 – 20.) Fourth, the United States argues that Johnson does not apply on collateral review to the Guidelines or Section 924(c)(3)(B). (Id., pp. 20 – 25.) Fifth, the United States claims that Movant's prior convictions for voluntary manslaughter and armed robbery constitute crimes of violence under the force clause. (Id., pp. 25 – 35.) Finally, the United States claims that pharmacy robbery under 18 U.S.C. § 2118(a) and (c)(1) is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3). (Id., pp. 35 – 41.)

Movant, by counsel, filed his Reply on November 17, 2016. (Id., Document No. 171.) First, Movant argues that his Section 2255 Motion is timely because it was filed within one year of the Supreme Court's decision in Johnson. (Id., p. 2.) Second, Movant argues that his requested relief has not been waived. (Id., p. 3.) Third, Movant argues that based on cause and prejudice,

5

his Section 2255 Motion is not barred by procedural default. (Id., pp. 3 – 4.) Fourth, Movant argues that he has no burden to show that the district court relied exclusively upon the residual clause. (Id., pp. 4 – 5.) Finally, Movant argues that voluntary manslaughter and armed robbery are not crimes of violence. (Id., pp. 5 – 6.)

By Order entered on June 5, 2019, the undersigned stayed the above case pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. (Id., Document No. 175.) Specifically, the undersigned noted that on April 17, 2019, the Supreme Court heard oral arguments in Davis, which addressed, *inter alia*, whether the residual clause found in 18 U.S.C. § 924(c)(3)(B) is void for vagueness, and whether a categorical or case-specific approach should be used in determining whether the crime that serves as the basis of a section 924(c) offense is a "crime of violence" under section 924(c)(3). (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a

reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at

\_\_\_, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, \_\_\_ U.S. \_\_\_, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to (1) career offenders sentenced under the "residual clause" of the Guidelines, and (2) his Section 924(c) conviction. The undersigned will consider each argument in turn.

    ***(1)    Challenge to Career Offender Status:***

    First, Movant argues that Johnson should be extended to career offenders sentenced under the "residual clause" of the Guidelines. Movant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because he had at least two qualifying prior convictions (West Virginia convictions for voluntary manslaughter, breaking and entering, and robbery by presenting a firearm). Movant, however, contends that his prior convictions for voluntary manslaughter, robbery, and breaking and entering no longer qualify as a "crime of violence"

under the "residual clause" of Section 4B1.2(a).[4] Movant correctly notes that the "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant argues that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague.

Subsequent to the filing of Movant's Section 2255 Motion, the United States Supreme Court issued its decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197

---

[4] Movant, by counsel, contends that his prior State convictions for voluntary manslaughter and breaking and entering no longer qualify as a "crime of violence" under the "residual clause" of Section 4B1.2(a). Movant, acting *pro se*, contends that his prior State convictions for voluntary manslaughter and robbery no longer qualify as a "crime of violence" under the "residual clause" of Section 4B1.2(a).

L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the *advisory* Guidelines do not fix the permissible range of sentences." Id.(emphasis added) The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id. Movant, however, was sentenced before United States v. Booker, 543 U.S. 220 (2005), and the advent of advisory Sentencing Guidelines. To the extent Movant may argue that he is entitled to relief notwithstanding Beckles, the undersigned will consider the issue.

In United States v. Brown, 868 F.3d 297 (4th Cir. 2017), the Fourth Circuit specifically addressed this argument. In Brown, the petitioner requested the Court to "cobble together a right by combining *Johnson's* reasoning with that of two other Supreme Court cases, *Booker* and *Beckles*." Id. at 302. Specifically, Mr. Brown argued that the pre-*Booker*, mandatory "Sentencing Guidelines cabined a sentencing judge's discretion in a manner that raises the same concerns animating the Supreme Court's decision in *Johnson*; denying fair notice to defendants and inviting arbitrary enforcement by judges." Id. Mr. Brown then noted that "the *Beckles* Court carefully limited its holding to the advisory Sentencing Guidelines, thus, in his view, leaving open the question of whether defendants could challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." Id. The Fourth Circuit, however, concluded that Mr. Brown's argument was "self-defeating" because "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right." Id. The Fourth Circuit noted that Mr. Brown could only meet the AEDPA time bar if Supreme Court precedent rendered his motion timely by recognizing a new right entitling him to

relief. Id. at 299. The Fourth Circuit determined that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case" has yet recognized the specific right of a defendant to obtain relief that was sentenced as a career offender under a mandatory-Guideline regime. Id. The Fourth Circuit explained that "*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and it did not touch upon the residual clause of the United States Sentencing Guidelines. Id. at 303. The Fourth Circuit noted that "the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." Id. at 300. Specifically, the Fourth Circuit stated that "*Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges." Id. Thus, the Fourth Circuit determined that "*Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." Id. at 302. Accordingly, the Fourth Circuit determined that Mr. Brown "raise[d] an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by Petitioner remains an open question in the Supreme Court." Id. at 303.

Based upon the foregoing, the undersigned finds that Movant's challenge to his career offender status should be dismissed as untimely. See Jerecki v. United States, 2018 WL 259396 (S.D.W.Va. Jan. 2, 2018)(J. Johnston)(finding that a *Johnson* claim filed by a petitioner, who was sentenced as a career offender under the mandatory U.S.S.G., was untimely under Section 2255(f)(3)); also see United States v. Harris, 2018 WL 1586431 (D.S.C. April 2, 2018)(finding that petitioner's 2255 motion seeking to attack his sentence imposed under the mandatory Guidelines based upon *Johnson* and *Welch*, does not fall under the statute of limitations in

Section 2255(f)(3)); United States v. Reyes, 2018 WL 1541983 (E.D. Va. March 29, 2018)(same). Furthermore, the undersigned finds that Movant fails to present any other basis for finding that his predicate offenses do not satisfy the criteria for career offender status that can be considered timely and appropriately asserted in the above proceedings.

  *(2) Challenge to Section 924(c) Conviction:*

Second, Movant argues that Johnson should be extended to 18 U.S.C. § 924(c). Movant was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Three). Movant states that the underlying "crime of violence" for the Section 924(c) charge was a violation of 18 U.S.C. § 2118(a) and (c)(1) (armed pharmacy robbery). Movant explains that Section 924(c)'s definition of "crime of violence" contains a "residual clause" that is materially indistinguishable from the "residual clause" in the ACCA that was struck down in Johnson. Section 924(c)'s "residual clause" defines "crime of violence" to include any felony that "by its nature, involves a substantial risk that physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(B). In Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended Johnson and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. As noted by Movant, the definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). Recently, the Supreme Court determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019). The Supreme Court also addressed the Government's argument that Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court

"abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id.

The undersigned will assume without deciding that Movant's Section 924(c) *habeas* challenge is timely, and Davis is retroactive to cases on collateral review based upon Johnson and Welch. Despite the holding in Davis, the undersigned finds that Movant is not entitled to relief. Specifically, the undersigned finds that Movant's conviction for armed pharmacy robbery qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3)(A). To determine whether an offense is a "crime of violence" under the "force clause," the court applies a "categorical approach." United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019). Specifically, a Court considers "whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." Id. A person is guilty of armed pharmacy robbery if he or she (1) takes or attempts to take from the person or presence of another any material or compound containing any quantity of a controlled substance; (2) the material or compound belonged to or was in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substance Act (21 U.S.C. 822); (3) the taking was "**by force or violence or by intimidation**;" (4) the replacement cost of the material or compound to the registrant was not less than $500.00; and (5) the person committing the offense assaulted any person, or put in jeopardy the life of any person, by the use of a dangerous weapon or device. See 18 U.S.C. § 2118(a) and (c)(1)(emphasis added).

In his *pro se* Section 2255 Motion, Movant appears to argue that armed pharmacy

13

robbery is not a crime of violence under the "force clause" because 18 U.S.C. § 2118 permits a conviction by "intimidation." (Document No. 157.) In United States v. Evans, 848 F.3d 242, 244 (4th Cir. 2017), the Fourth Circuit specifically considered and rejected the argument that carjacking could not constitute a "crime of violence" under the "force clause" because the offense could be committed "by intimidation." United States v. Evans, 848 F.3d 242, 246-48 (4th Cir. 2017), cert. denied, ___ U.S. ___, 137 S.Ct. 2253, 198 L.Ed.2d 688 (2017)(the offense of carjacking in violation of Section 2119 qualifies as a "crime of violence" under the "force clause" "because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") Citing United States v. McNeal, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit explained it determined that the federal crime of bank robbery was a "crime of violence" under the "force clause" of Section 924(c)(3). Id., 848 F.3d. at 246-47("the term 'intimidation,' as used in the federal bank robbery statute, required the threatened use of physical force, and that, therefore, the federal crime of bank robbery categorically qualified as a crime of violence under the force clause of Section 924(c)(3).") The Fourth Circuit explained the "intimidation" phrase in the federal bank robbery statute is "substantively identical" to the "intimidation" phrase in issue in the federal carjacking statute. Id.; See 18 U.S.C. § 2113("by force and violence, or by intimidation") and 18 U.S.C. § 2119("by force and violence or by intimidation"). Further, the Fourth Circuit stated that "[o]ur conclusion is not altered by our decision in *Torres-Miguel*," because "unlike the statute at issue in *Torres-Miguel*, the carjacking statute includes the statutory element of 'by force and violence or by intimidation.'" Id., 848 F.3d at 247(explaining that in *Torres-Miguel*, the California statute at issue provided "a crime may *result* in death or serious injury without involving use of physical force"). The Fourth Circuit explained that "the term 'intimidation' used in this context means a

14

threat of violence force." Id. The Fourth Circuit, therefore, held that "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)." Id.

Furthermore, the Fourth Circuit recently concluded that Hobbs Act Robbery constituted a crime of violence under the "force clause." A person is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . ..." 18 U.S.C. § 1951(a). The statute defines "robbery" as follows:

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, ***by means or actual or threatened force, or violence, or fear of injury***, immediate or future, to his person or property, in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1)(emphasis added). In United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit determined "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." Id. at 266. Thus, the statutory elements of Hobbs Act robbery require the use, attempted use, or threatened use of physical force. Based upon the foregoing, the undersigned similarly concludes that "by force or violence or by intimidation" as used in the armed pharmacy robbery statute includes a threat of violent force within the meaning of the "force clause" of Section 924(c)(3). See Kidd v. United States, 929 F.3d 578, 580-81 (8th Cir. 2019)(finding that "the offense of armed robbery involving controlled substances satisfies the force clause even when the offense is committed by means of intimidation"), cert. denied, 2020 WL 129695 (2020); States v. Hopkins, 608 Fed.Appx. 637 (10th Cir. 2015)(finding armed robbery of a pharmacy is a crime of violence under the force clause); Perkins v. Vereen, 2019 WL 1411105, * 5 - 6 (D.S.C. Feb. 4, 2019)("[C]ourts have consistently found that robbery in

violation of § 2118(a) qualifies as a crime of violence under the force clause of § 924(c)(3)(A))(collecting cases). Therefore, the undersigned respectfully recommends that Movant's Section 2255 Motion should be denied because Movant's armed pharmacy robbery conviction qualifies as a "crime of violence" under the "force clause" of Section 924(c)(3).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **REINSTATE** the above case to the active docket, **DENY** Movant's "Second Motion to Correct Sentence Under 28 U.S.C. § 2255" (Document No. 152), Movant's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody" (Document No. 157), and Movant's "Corrected Motion Concerning Relief Under 28 U.S.C. § 2255" (Document No. 165), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: February 18, 2020.

Omar J. Aboulhosn
United States Magistrate Judge